**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4874**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

NICOLAS MORALES,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry F. Floyd, District Judge. (8:07-cr-00960-HFF-13)

Submitted:  June 30, 2011         Decided:  July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Guy J. Vitetta, Charleston, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicolas Morales pled guilty to Count 1 of the second superseding indictment (sealed) to conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 500 grams or more of mixture or substance containing a detectable amount of methamphetamine. He was sentenced to 120 months of imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether the district court erred at sentencing by denying his objections to the amount of drug quantity attributed to him and for not sentencing Morales under the "safety valve" provision of the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 (2008). Morales was informed of his right to file a pro se supplemental brief, but did not do so. For the reasons that follow, we affirm.

This court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include failing to calculate (or improperly calculating) the Guidelines

2

range or failing to consider the 18 U.S.C. § 3553(a) (2006) factors. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. at 51. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

Here, we find no procedural or substantive error in the district court's sentence. Moreover, Morales' objections to the quantity of drugs for which he was found accountable at sentencing fail to assist him on appeal, in any event, because his 120-month sentence was a statutorily mandated minimum sentence based on the amount of drugs involved in the conspiracy to which he knowingly pled guilty. 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2011). Furthermore, Morales has failed to overcome the presumption of correctness accorded on appeal to his properly calculated advisory Sentencing Guidelines range. Rita v. United States, 551 U.S. 338, 347 (2007). Finally, as trial counsel noted at the sentencing hearing, Morales was ineligible for the safety valve provision because he steadfastly refused to cooperate with the Government as required for this reduction under USSG § 5C1.2(a)(5).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Morales' conviction and sentence. This court requires that counsel inform Morales, in writing, of the right to petition the Supreme Court of the United States for further review. If Morales requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morales. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>